## Inhabitants of PITTSTON vs. SAMUEL CLARK.

A town agent is not liable to the town for not resisting the payment of a claim, which the town had agreed to pay, even if the claim could have been successfully resisted.

THE action was brought to recover damages occasioned by the neglect of the defendant, as their agent, to defend an action brought against them by one *Blanchard*, wherein he claimed the sum of $20. The facts in the case appear sufficiently in the opinion of the Court. On the trial, before the Chief Justice, the counsel for the defendant insisted, that acting, as he did, by a delegated authority, he ought not to be charged by the plaintiffs for negligence in being defaulted upon a claim, the justice of which they had re-

cognized and ordered to be paid. The counsel for the plaintiffs contended, that the vote afforded him no justification, not being within the municipal powers of the town. A nonsuit was ordered by consent, to be set aside, if in the opinion of the Court, the action could be maintained.

*Clark,* for the plaintiffs, after the adjournment, furnished the Court with a very long argument in writing and reply, and *Evans,* for the defendant, a more condensed written argument. The subjects discussed are noticed in the opinion of the Court.

*Clark* cited, *Wiscasset* v. *Trundy,* 3 *Fairf.* 204; *Salem Bank* v. *Gloucester Bank,* 12 *Mass. R.* 29; *Foster* v. *Essex Bank, ib.* 483; *Odiorne* v. *Maxey,* 13 *Mass. R.* 181; 2 *Cranch,* 127; 2 *Johns. R.* 109; *Snow* v. *Perry,* 9 *Pick.* 542; *Damon* v. *Granby,* 2 *Pick.* 345; *Vinton* v. *Welch,* 9 *Pick.* 90; *Hill* v. *Davis,* 4 *Mass. R.* 140; 2 *Strange,* 828; *ib.* 1241; 5 *East,* 313; *Stetson* v. *Kempton,* 13 *Mass. R.* 272; *Bussy* v. *Gilman,* 3 *Greenl.* 191; *Haliburton* v. *Frankfort,* 14 *Mass. R.* 214; 5 *Dane,* 158, § 11; 12 *Mod.* 448; 5 *Dane,* 562; *stat.* 1833, *c.* 64; *Gedney* v. *Tewksbury,* 3 *Mass. R.* 307; *stat.* 1821, *c.* 114, § 7; 5 *Mass. R.* 423; 12 *Pick.* 480; 10 *Reports,* 32; *stat.* 1821, *c.* 59, § 15; *Com. Dig. Pl. B.* 1; 6 *Petersd. Ab.* 625; *Arch. Pr.* 98; 2 *Kyd on Corp.* 404; 4 *Cowen,* 97; 9 *Dane,* 570; *stat.* 1821, *c.* 60, § 2; *ib. c.* 138, § 7; 5 *Peters,* 171; 1 *Dane,* 458; *Dec. of rights,* § 22,

*Evans,* in his argument, commented on many of the positions taken by the opposing counsel, and argued in support of these propositions :—

1. The defendant is not liable, by reason of the recovery against the town in *Blanchard's* suit.

2. The vote in town meeting furnished sufficient justification to the defendant for permitting such recovery. He cited, under the first position, *stat.* 1821, *c.* 133, § 1, 9; *Dennet* v. *Nevers,* 7 *Greenl.* 399; *Baker* v. *Windham,* 1 *Shep.* 74; *stat.* 1821, *c.* 121; *ib. c.* 127; *ib. c.* 114, § 6; *Nelson* v. *Milford,* 7 *Pick.* 18; *Ford* v. *Clough,* 8 *Greenl.* 334; *Kempton* v. *Stetson,* 13 *Mass. R.* 272; *Farrar's Rep. of Dartmouth College case in Supreme Court of N. H.* 211. And under the second, *stat.* 1821, *c.* 114,

§ 7; *Hayden* v. *Madison,* 7 *Greenl.* 76 ; *Abbott* v. *Hermon, ib.*
118 ; *Canal Bridge* v. *Gordon,* 1 *Pick.* 297 ; *Folsom* v. *Muzzy,*
8 *Greenl.* 400.

The opinion of the Court was subsequently drawn up by

SHEPLEY J. — To support this action it is necessary to prove the
misconduct or neglect of the agent, and that in consequence of it,
the plaintiffs suffered damage. The neglect charged, consists in
permitting a default to be entered by agreement in an action brought
by *Leonard Blanchard* against the town. Before the default was
entered and judgment rendered, the town had at a legal meeting
voted to authorize the selectmen to pay the claim. The neglect
and injury now complained of consists in not resisting the payment
of a claim, which the town had agreed to pay. This simple state-
ment of the case is sufficient to shew, that the action can be main-
tained only upon some unusual view of the relation between prin-
cipal and agent. The argument for the town rests the right to
recover upon grounds which distinguish it from the ordinary relation
in such cases. One of these is, that the agent of a town ap-
pointed according to the provisions of the statute, becomes an of-
ficer of the law and bound to perform his duties in prosecuting and
defending suits according to law, whether in so doing he conforms
to, or disobeys the instruction of the principal. The statute pro-
viding for the appointment, does not prescribe their duties, or de-
fine their powers. It only gives them the right to represent their
towns and perform such acts as their principals might perform by
any other agency, which would legally represent them. And to
ascertain the relative rights and duties of towns and their agents,
reference must necessarily be had, as in other cases, to the laws of
the land. And these laws decide, that the agent cannot act against
the express will of the principal without subjecting himself to an
action for such damages, as he may thereby have occasioned. It
is not to be understood that the agent may be required to do an
illegal or immoral act.

Another ground taken in the argument is, that the agent cannot
be justified by the vote of the town, because the town had no legal
right to pass such a vote.

It is said *Blanchard* had no legal claim upon the town for compensation for his time and money expended in its service by virtue of a vote of the town, because the town was not authorized to expend money for the purpose for which *Blanchard* was employed. Towns have power to employ agents, and if those agents are instructed to do an act not within the power of their towns to perform, the act will be inoperative, but does it follow, that the agent is not to be paid for his services? But assuming the argument to be correct, and that *Blanchard* could not have recovered; these parties are then presented in the position of a principal employing an agent to do an act not within the powers of the principal to accomplish, and in such case if the agent acts according to the instructions of the principal it affords no ground of complaint for the principal. He cannot say I had no right to give you such instructions, and therefore you must pay me for any injury which I have suffered in consequence of your obeying them. The gist of the action is the want of obedience, and that does not exist under such circumstances. Whatever rights third persons may have against the agent, it is not for the principal to make his own want of power the cause of complaint against the agent acting in obedience to the instructions given. If it be admitted that *Blanchard* could not legally recover, must a town litigate every claim brought against it, and pay only such, as have been proved to be legal and just by a judgment recovered? Towns are liable to be sued and are empowered to defend, and this implies the power of judging of the proper means of defence, as well as the right to adjust suits upon such terms as their own interest may require. If this be allowed it is said, that towns may thus permit the property of the inhabitants to be taken for purposes for which it was never intended, that they should be liable to charge, or assessment. Be it so; it only proves the imperfection of the system and its liability to be abused and perverted to improper purposes; and that the powers, which are granted may by abuse be made injurious and even dangerous to the security of private property. What was intended for good may by perversion become an instrument of evil. The same result may be produced by the improper performance or by the neglect of many of the duties enjoined upon towns; and the inhabitants may be subjected to heavy losses beyond what was con-

templated by the laws. To prove that such results may by possibility happen by allowing towns the powers necessarily implied, to enable them to exercise the powers actually conferred, is but another mode of shewing the imperfection of most, if not of all legislation. And if towns by the abuse of the powers granted may subject their inhabitants to taxation for purposes not within the granted powers, it is not for the judicial department to devise and apply the necessary restrictions to prevent it.

Upon the principle upon which this action can be maintained, the selectmen after paying a doubtful claim in obedience to the vote of the town, if it can afterward be proved to have been for objects for which the town was not authorized to expend money, may be subjected to pay damages for that very act of obedience.

The adoption of such a principle, now unknown to the law, would render the town incapable of the exercise of the powers granted or of performing the duties enjoined, as well as sanction the grossest injustice. To avoid an evil, as yet prospective or imaginary, the Court cannot depart from the well established principles of law regulating the rights and duties of principal and agent.

*Nonsuit confirmed.*